UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

CLYDE J. JENNINGS,

                                          Plaintiff,

                  v.                                                     9:13-CV-0443
                                                                         (GLS/ATB)

BRIAN FISCHER; et al.,

                                          Defendants.

_____

APPEARANCES:

CLYDE J. JENNINGS
09-A-6400
Plaintiff, pro se
Cape Vincent Correctional Facility
P.O. Box 739
Cape Vincent, NY 13618

GARY L. SHARPE
Chief United States District Judge

## DECISION and ORDER

## I.      INTRODUCTION

The Clerk has sent to the Court for review a civil rights complaint brought by pro se

plaintiff Clyde J. Jennings.  Dkt. No. 1.  Plaintiff, who is confined at Cape Vincent

Correctional Facility and has not paid the filing fee for this action, seeks leave to proceed in

forma pauperis.  Dkt. No. 2.

## II.     IN FORMA PAUPERIS APPLICATION

"28 U.S.C. § 1915 permits an indigent litigant to commence an action in a federal

court without prepayment of the filing fee that would ordinarily be charged."  *Cash v.*

*Bernstein*, No. 09-CV-1922, 2010 WL 5185047, at *1 (S.D.N.Y. Oct. 26, 2010).  "Although an

indigent, incarcerated individual need not prepay the filing fee at the time of filing, he must

subsequently pay the fee, to the extent he is able to do so, through periodic withdrawals from

his inmate accounts."  *Id*. (citing 28 U.S.C. § 1915(b) and *Harris v. City of New York*, 607

F.3d 18, 21 (2d Cir. 2010)).

Upon review, the Court finds that plaintiff has submitted a completed in forma

pauperis application and a copy of his inmate account statement, *see* Dkt. No. 2, which

demonstrate economic need.  *See* 28 U.S.C. § 1915(a)(2).  Plaintiff has also filed the inmate

authorization form required in the Northern District.  Dkt. No. 3.

Accordingly, plaintiff's application to proceed with this action in forma pauperis is

granted.

## III.   SUFFICIENCY OF THE COMPLAINT

### A.   Governing Legal Standard

Having found that plaintiff meets the financial criteria for commencing this action in

forma pauperis, the Court must now consider the sufficiency of the allegations set forth in his

complaint in light of 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).  Section

1915(e)(2)(B) directs that, when a plaintiff seeks to proceed in forma pauperis, "(2) . . . the

court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i)

is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks

monetary relief against a defendant who is immune from such relief."  28 U.S.C.

§1915(e)(2)(B).  Similarly, Section 1915A(b) directs that a court must review any "complaint

in a civil action in which a prisoner seeks redress from a governmental entity or officer or

employee of a governmental entity" and must "identify cognizable claims or dismiss the

complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails

to state a claim upon which relief may be granted; or . . . seeks monetary relief from a

defendant who is immune from such relief."  28 U.S.C. § 1915A(b); *see also Abbas v. Dixon*,

480 F.3d 636, 639 (2d Cir. 2007) (stating that both Sections 1915 and 1915A are available to

evaluate prisoner pro se complaints).[1]  Thus, although the court has the duty to show

liberality toward pro se litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per

curiam), and should exercise "extreme caution . . . in ordering *sua sponte* dismissal of a *pro

se* complaint *before* the adverse party has been served and both parties (but particularly the

plaintiff) have had an opportunity to respond, . . ."  *Anderson v. Coughlin*, 700 F.2d 37, 41

(2d Cir. 1983) (internal citations omitted), the court also has a responsibility to determine that

a claim is not frivolous before permitting a plaintiff to proceed with an action in forma

pauperis.[2]

　　　　When reviewing a complaint, the court may also look to the Federal Rules of Civil

Procedure.  Rule 8 of the Federal Rules of Civil Procedure provides that a pleading that sets

forth a claim for relief shall contain "a short and plain statement of the claim showing that the

pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The purpose of Rule 8 "'is to give fair

notice of the claim being asserted so as to permit the adverse party the opportunity to file a

responsive answer, . . . prepare an adequate defense,'" and determine whether the doctrine

of res judicata is applicable.  *Hudson v. Artuz*, No. 95 CIV. 4768, 1998 WL 832708, at *1

---

[1]  To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[2]  "Dismissal of frivolous actions pursuant to 28 U.S.C. § 1915e is appropriate to prevent abuses of the process of the court," *Nelson v. Spitzer*, No. 9:07-CV-1241, 2008 WL 268215, *1 n.3 (N.D.N.Y. Jan. 29, 2008) (citation omitted), as well as "to discourage the filing of [baseless lawsuits], and [the] waste of judicial . . . resources[.]"  *Neitzke*, 490 U.S. at 327.

(S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16

(N.D.N.Y. 1995) (quoting *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977))) (other

citation omitted).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state

a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  Although the court

should construe the factual allegations in the light most favorable to the plaintiff, "the tenet

that a court must accept as true all of the allegations contained in a complaint is inapplicable

to legal conclusions." *Id.*  "Threadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at

555).  Thus, "where the well-pleaded facts do not permit the court to infer more than the

mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the

pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## B.  Summary of the Complaint

In his complaint, plaintiff states that in June, 2011, he was sent from Riverview

Correctional Facility to Franklin Correctional Facility, to have a tooth removed.  *See* Dkt. No.

1 ("Compl.") at 5.  Plaintiff was evaluated by defendant O'Keefe, an oral surgeon, who

informed him that "all of [his] premolars & molars in the top of [his] mouth" needed to be

removed.  *Id*.  Plaintiff claims that Dr. O'Keefe proceeded to remove these teeth without first

obtaining plaintiff's informed consent.  *Id*. at 5.  Plaintiff was left with a hole in his hard palate,

through which fluids were able to pass from his sinus cavity into his mouth, a condition which

has improved but has not fully resolved.  *Id*. at 6.[3]  In January 2012, plaintiff was evaluated at

Walsh Regional Medical Center and informed that surgery was needed to close the hole.  *Id*.

at 6-7.  As of the date of the complaint, plaintiff had not received that surgery nor any other

follow-up evaluation or treatment.  *Id*. at 7.  Plaintiff states that he is "still in pain and mental

anguish," and is unable to use the left side of his mouth.  *Id*.

Based upon the foregoing, plaintiff claims that Dr. O'Keefe failed to "provide adequate

medical care during the oral surgery that was performed" in June, 2011, failed to fully inform

plaintiff of the risks associated with the dental procedure and to obtain his informed consent,

and "made a mockery" of plaintiff in front of his staff.  Compl. at 6-7.  Plaintiff also claims that

he has not receive proper and adequate follow-up dental care, and that he has had

"retaliation brought against me for speaking about the injustice that was done to my person."

*Id*. at 7.  In addition to Dr. O'Keefe, the complaint names DOCCS Commissioner Fischer,

Riverview C.F. Superintendent Rabsatt, Franklin C.F. Superintendent McClair, Riverview C.F.

Nursing Administrator Baxter, Franklin C.F. Nursing Administrator Doe, Dr. O'Keefe's

"Dental/Medical Assistants," and Dr. O'Keefe's "Dental/Oral Surgeon Malpractice Liability

Insurers" as defendants.  *Id*. at 2-3.  Plaintiff seeks an award of damages against defendants

in their individual and official capacities.  *Id*. at 10.  For a complete statement of plaintiff's

claims, reference is made to the complaint.[4]

---

[3]  Plaintiff states that Dr. O'Keefe subsequently approved him to receive a "night guard & a partial Plate" for his upper mouth, but these items have not been provided.  Compl. at 6.

[4]  Plaintiff attempted to bring these claims in the United States District Court for the Eastern District of New York, in a prior action in that district arising out of plaintiff's 2007 arrest.  *See Jennings v. Suffolk County*, No. 2:11-CV-0911 (E.D.N.Y. filed Feb. 24, 2011).  In a Decision and Order filed February 13, 2013, United States District Judge Joseph F. Bianco granted defendants' motion to dismiss the amended complaint finding that the

### C. Analysis

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, which establishes a cause of action for "'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *German v. Fed. Home Loan Mortg. Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (citing *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990)); *see also Myers v. Wollowitz*, No. 95-CV-0272, 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (McAvoy, C.J.) (finding that "[Section] 1983 is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights"). "Section 1983 itself creates no substantive rights, [but] . . . only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James,* 13 F.3d 515, 519 (2d Cir. 1993) (citation omitted).

"It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991)). Thus, "a Section 1983 plaintiff must 'allege a tangible connection between the acts of the defendant and the injuries suffered.'" *Austin v. Pappas*, No. 04-CV-7263, 2008 WL 857528, at *2 (S.D.N.Y. Mar. 31, 2008) (quoting *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986)) (other citation omitted). If the defendant is a supervisory official, a mere "linkage" to the unlawful conduct through "the prison chain of command" (i.e., under the doctrine of respondeat superior) is insufficient to show his or her personal involvement in that unlawful conduct. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981); *Richardson v.*

---

claims were time-barred. *Id*., Dkt. No. 68 at 13. Judge Bianco thereafter denied plaintiff's motion for leave to file a second amended complaint setting forth the claims asserted herein, finding that the requested amendment would be prejudicial to the original defendants and, in all events, futile because "the alleged underlying conduct took place entirely in the Northern District of New York (where plaintiff is incarcerated), and the claims have absolutely no connection whatsoever to this District." *Id*., Dkt. No. 70 at 3.

*Goord*, 347 F.3d 431, 435 (2d Cir. 2003); *Wright*, 21 F.3d at 501.[5]

### 1. Eighth Amendment Claims

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments."

U.S. Const. Amend VIII.  This includes punishments that "involve the unnecessary and

wanton infliction of pain." *Gregg v. Georgia*, 428 U.S. 153, 173 (1976).  To establish an

Eighth Amendment claim arising out of inadequate medical care, a prisoner must prove

"deliberate indifference to [his] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104

(1976).  The standard of deliberate indifference includes both subjective and objective

components.  "First, the alleged deprivation must be, in objective terms, 'sufficiently serious.'"

*Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994).  Second, the defendant "must act with

a sufficiently culpable state of mind." *Id*. at 66.  Malpractice does not become a constitutional

violation merely because the victim is a prisoner.  *Chance v. Armstrong*, 143 F.3d 698, 706

(2d Cir. 1998).  Thus, a physician who "delay[s] . . . treatment based on a bad diagnosis or

erroneous calculus of risks and costs" does not exhibit the mental state necessary for

deliberate indifference.  *Harrison v. Barkley*, 219 F.3d 132, 139 (2d Cir. 2000).  Likewise, an

inmate who disagrees with the physician over the appropriate course of treatment has no

claim under Section 1983 if the treatment provided is "adequate." *Chance*, 143 F.3d at 703.[6]

---

[5] In other words, supervisory officials may not be held liable merely because they held a position of authority. *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996).  Rather, supervisory personnel may be considered "personally involved" only if they (1) directly participated in the violation, (2) failed to remedy that violation after learning of it through a report or appeal, (3) created, or allowed to continue, a policy or custom under which the violation occurred, (4) had been grossly negligent in managing subordinates who caused the violation, or (5) exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that the violation was occurring. *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995) (adding fifth prong); *Wright*, 21 F.3d at 501 (adding fifth prong); *Williams v. Smith*, 781 F.2d 319, 323-24 (2d Cir. 1986) (setting forth four prongs).

[6] The word "adequate" reflects the reality that "[p]rison officials are not obligated to provide inmates with whatever care the inmates desire.  Rather, prison officials fulfill their obligations under the Eighth Amendment when the care provided is 'reasonable.'" *Jones v. Westchester Cnty. Dept. of Corr.*, 557 F. Supp.2d 408, 413

"[D]isagreements over medications, diagnostic techniques (e.g., the need for X-rays), forms of treatment, or the need for specialists or the timing of their intervention are not adequate grounds for a section 1983 claim." *Sonds v. St. Barnabas Hosp. Corr. Health Servs.*, 151 F. Supp. 2d 303, 312 (S.D.N.Y. 2001).  Rather, the plaintiff must allege conduct that is "'repugnant to the conscience of mankind'" or "'incompatible with the evolving standards of decency that mark the progress of a maturing society.'" *Ross v. Kelly*, 784 F. Supp. 35, 44 (W.D.N.Y. 1992) (quoting *Estelle*, 429 U.S. at 102, 105-06), aff'd, 970 F.2d 896 (2d Cir. 1992), cert. denied, 506 U.S. 1040 (1992).

Here, even assuming that plaintiff's dental condition was sufficiently "serious," the facts alleged do not plausibly suggest that Dr. O'Keefe acted with deliberate indifference, was reckless in his treatment of plaintiff, or provided him with medical treatment that was "inadequate" in a constitutional sense.[7]  While plaintiff while suffered a complication from the dental procedure performed by Dr. O'Keefe, would no doubt have preferred a different outcome, a "[prisoner's] complaint that a physician [or dentist] has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Estelle*, 429 U.S. at 106; *see, e.g., Gonzalez v. Sarreck*, No. 08 Civ. 3661, 2011 WL 5051341, at *18 (S.D.N.Y. Oct. 24, 2011) (Gonzalez' allegations that eye surgery rendered him without sight in his right eye is, without more, a

---

(S.D.N.Y. 2008).

[7]  There is no basis upon which the Court could find that any of the other defendants were personally involved in the June, 2011 dental procedure complained of for purposes of liability under 42 U.S.C. § 1983. Rather, it appears that several defendants were made  parties to this action solely by virtue of their supervisory positions. *See, e.g.* Compl. at 2 (Fischer is the "prime executive entity" and "employer of all of the defendants;" Riverview Superintendent "manages its day-to-day operations and executes all of its policies;" defendant Baxter "supervises the Medical Staff on a day-to-day basis).  Plaintiff does not allege that the unnamed dental assistants engaged in misconduct of any kind.

malpractice claim and does not implicate the Constitution); *Harris v. Westchester Cnty. Med. Ctr.*, No. 08 Civ. 1128, 2011 WL 2637429, at \*3 (S.D.N.Y. July 6, 2011) (Harris's allegations regarding the quality of Dr. McGill's surgery, or of adverse consequences from the surgery do not amount to plausible allegations of deliberate indifference); *Martinez v. Ravikumar*, 616 F. Supp.2d 455, 459 12 (S.D.N.Y. 2009) ("Martinez does not allege that Ravikumar knew of and disregarded an excessive risk to her health and safety while conducting the surgery . . . . Rather, she alleges that Ravikumar's treatment and diagnoses were not effective.  At most, Martinez alleges that Ravikumar was negligent in his performance of the surgery and subsequent examinations.  Such allegations do not give rise to a valid claim of medical mistreatment under the Eighth Amendment."); *Middleton v. Falk*, No. 9:06–CV–1461 (GTS/DRH), 2009 WL 666397, at \*8 (N.D.N.Y. Mar. 10, 2009) ("Any adverse effects which Middleton suffered as a consequence of the surgery required to attempt to correct his serious retinal detachment are, at best, negligence.").

With respect to plaintiff's claim that his follow-up dental care has been inadequate because he has not received the night guard and partial plate or corrective surgery, the Court finds that this claim must also be dismissed.  Plaintiff's allegations that necessary follow-up has been denied are conclusory in nature.  In addition, plaintiff has not identified the individual(s) who are personally involved in and responsible for his ongoing dental care.[8]

As a result, the Court finds that the complaint fails to state one or more claims for the violation of plaintiff's Eighth Amendment rights upon which relief may be granted.  *See* 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A.

---

[8] As noted, plaintiff is presently confined at Cape Vincent Correctional Facility.  Compl. at 1.

### 2. Fourteenth Amendment Claims

The Second Circuit has held that "in order to permit prisoners to exercise their right to refuse unwanted treatment, there exists a liberty interest in receiving such information as a reasonable patient would require in order to make an informed decision as to whether to accept or reject proposed medical treatment." *Pabon v. Wright*, 459 F.3d 241, 249-50 (2d Cir. 2006) (citing *White v. Napolean*, 897 F.2d 103, 113 (3d Cir. 1990)). To establish a violation of the constitutional right to medical information, a prisoner must satisfy an objective reasonableness standard,[9] must demonstrate that the defendant acted with the requisite state of mind, and must make a showing that the lack of information impaired his right to refuse treatment. As the Second Circuit stated in *Pabon*, "inadvertent failures to impart medical information cannot form the basis of a constitutional violation. The simple lack of due care does not make out a violation of either the substantive or procedural aspects of the Due Process Clause of the Fourteenth Amendment." *Id*. at 250.

Here, the Court has considered whether plaintiff has stated a cognizable Fourteenth Amendment claim arising from Dr. O'Keefe's alleged failure to fully inform him of the risks associated with the dental procedure, and concludes that he has not. Even assuming that Dr. O'Keefe failed to provide plaintiff with such information as a reasonable patient would find necessary to making an informed decision, the complaint does not set forth sufficient factual allegations to plausibly suggest that this failure caused plaintiff to undergo medical/dental

---

[9] In this regard, the Second Circuit noted that "it is not unlikely that, after receiving appropriate treatment that proved to have unpleasant side effects, a prisoner might claim that he had not received sufficient information to allow him to decide whether to refuse that treatment." *Pabon*, 459 F.3d at 250. The Court advised that a doctor is not required to "provide each prisoner-patient with an exhaustive list of all the possible adverse effects of each aspect of his treatment. Instead, a doctor simply must provide a prisoner with such information as a reasonable patient would find necessary to making an informed decision regarding treatment options." *Id.*

treatment that he would have refused had he been so informed, or that Dr. O'Keefe acted

with deliberate indifference to plaintiff's right to refuse treatment.  *See Pabon*, 459 F.3d at

246.[10]

Accordingly, the Court finds that the complaint fails to state a cognizable claim for the

violation of plaintiff's rights under the Fourteenth Amendment.[11]

### 3.  First Amendment Claims

To state a claim of retaliation under the First Amendment, a plaintiff must allege facts

plausibly suggesting the following: (1) the speech or conduct at issue was "protected;" (2) the

defendants took "adverse action" against the plaintiff – namely, action that would deter a

similarly situated individual of ordinary firmness from exercising his or her constitutional

rights; and (3) there was a causal connection between the protected speech and the adverse

action – in other words, that the protected conduct was a "substantial or motivating factor" in

the defendant's decision to take action against the plaintiff.  *Mount Healthy City Sch. Dist.

Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977); *Gill v. Pidlypchak*, 389 F.3d 379, 380 (2d

Cir. 2004) (citing *Dawes v. Walker*, 239 F.3d 489, 492 (2d. Cir. 2001)).

Here, plaintiff claims that he has been retaliated against for having voiced his

complaints regarding the dental procedure performed by Dr. O'Keefe.  Compl. at 7.

However, because plaintiff has not supported this claim with any facts whatsoever regarding

[10]  Here again, there are no facts alleged in the complaint which even suggest that any of the other defendants were personally involved in obtaining plaintiff's consent to the dental procedure.

[11]  Plaintiff's claim that Dr. O'Keefe "mocked" plaintiff does not give rise to a cognizable claim pursuant to 42 U.S.C. § 1983.  "[V]erbal harassment or profanity alone, unaccompanied by an injury no matter how inappropriate, unprofessional, or reprehensible it might seem, does not constitute the violation of any federally protected right and therefore is not actionable under 42 U.S.C. § 1983." *Moncrieffe v. Witbeck,* No. 97-CV-253 (NAM/DRH), 2000 WL 949457, at *3 (N.D.N.Y. June 29, 2000) (quoting *Aziz Zarif Shabazz v. Pico,* 994 F. Supp. 460, 474 (S.D.N.Y. 1998)).

the nature of his complaints, the date(s) on which they were made, the nature of the adverse action(s) taken against him, or the names of the individuals responsible therefor, his retaliation claim as drafted is not cognizable in this action.  *See Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983) ("a complaint which alleges retaliation in wholly conclusory terms may safely be dismissed on the pleadings alone.").

As a result, the Court finds that the complaint fails to state a First Amendment retaliation claim against the defendants upon which relief may be granted.  See 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A.

### 4.  Official Capacity Claims

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  *State Emp. Bargaining Agent Coalition v. Rowland*, 494 F.3d 71, 95 (2d Cir. 2007) (citing U.S. Const. amend. XI).  The Eleventh Amendment bars federal courts from exercising subject matter jurisdiction over claims against states absent their consent to such a suit or an express statutory waiver of immunity.  *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 90-100 (1984); *see also Huminski v. Corsones*, 386 F.3d 116, 133 (2d Cir. 2004).[12]  Actions for damages against a state official in his or her official capacity are essentially actions against the state.  *See Will v. Mich. Dep't. of State Police*, 491 U.S. 58, 71

---

[12]  It is well-settled that states are not "persons" under 42 U.S.C. §1983 and, therefore, Eleventh Amendment immunity is not abrogated by that statute.  *See Will v. Mich. Dep't. of State Police*, 491 U.S. 58, 71 (1989).  Moreover, "[a]gencies of the state, such as DOCS, are entitled to assert the state's Eleventh Amendment immunity where, for practical purposes, the agency is the alter ego of the state and the state is the real party in interest."  *Santiago v. New York State Dep't. of Corr. Serv.*, 945 F.2d 25, 28 n.1 (2d Cir. 1991) (citing *Pennhurst*, 465 U.S. at 100).

(1989).[13]

Here, insofar as plaintiff seeks an award of money damages pursuant to 42 U.S.C. §
1983 against the individual defendants in their official capacities, *see* Compl. at 8, those
claims are barred by the Eleventh Amendment.

As a result, plaintiff's official capacity claims are dismissed with prejudice.

For all of the reasons set forth above, the Court finds that the complaint fails to state
one or more claims against the defendants upon which relief may be granted by this Court
and is, therefore, subject to dismissal in accordance with 28 U.S.C. § 1915(e) and 28 U.S.C.
§ 1915A.

## C.      Opportunity to File an Amended Complaint

In light of his pro se status, the Court will afford plaintiff the opportunity to file an
amended complaint if he desires to proceed with this action.  Any amended complaint
submitted in response to this Decision and Order must identify by name the individuals
alleged to have been personally involved in the acts of misconduct or wrongdoing
complained of and must set forth a short and plain statement of the facts plaintiff relies on in
support of his claim that the defendants' conduct violated his constitutional rights.

Plaintiff's amended complaint, which shall supersede and replace in its entirety the
original complaint, must be a complete pleading which sets forth all of the claims that plaintiff
wants this Court to consider as a basis for awarding relief herein.  Plaintiff is advised that his

---

[13] In *Ex Parte Young*, 209 U.S. 123 (1908), the Supreme Court established an exception to state
sovereign immunity in federal actions where an individual brings an action seeking injunctive relief against a
state official for an ongoing violation of law or the Constitution.  This doctrine provides "a limited exception to the
general principle of sovereign immunity [that] allows a suit for injunctive relief challenging the constitutionality of a
state official's actions in enforcing state law under the theory that such a suit is not one against the State, and
therefore not barred by the Eleventh Amendment." *Ford v. Reynolds*, 316 F.3d 351, 354-55 (2d Cir. 2003).

failure to file an amended complaint **within thirty (30) days** of the filing date of this Decision and Order will result in dismissal of this action without prejudice without further Order of the Court.

IV.    **CONCLUSION**

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's application to proceed in forma pauperis (Dkt. No. 2) is **GRANTED**.[14]  The Clerk of the Court shall provide the Superintendent of the facility that plaintiff has designated as his current location with a copy of plaintiff's authorization form (Dkt. No. 3) and notify that official that plaintiff has filed this action and is required to pay to the Northern District the entire statutory filing fee of $350.00 pursuant to 28 U.S.C. § 1915; and it is further

**ORDERED** that plaintiff's claims for damages against the defendants in their official capacities are **DISMISSED with prejudice**; and it is further

**ORDERED** that plaintiff is granted leave to file an amended complaint as set forth above **within thirty (30) days** from the date of the filing of this Decision and Order; and it is further

**ORDERED** that in the event plaintiff fails to file a signed amended complaint **within thirty (30) days** from the date of the filing of this Decision and Order, the Clerk shall enter judgment dismissing this action without prejudice pursuant to 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A due to plaintiff's failure to state a claim upon which relief can be granted and to comply with the terms of this Decision and Order, without further order of this Court; and it

---

[14] Although his in forma pauperis application has been granted, plaintiff will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

is further

     **ORDERED** that upon the filing of plaintiff's amended complaint this matter be returned to the Court for further review; and it is further

     **ORDERED** that the Clerk of the Court provide a copy of plaintiff's inmate authorization form to the Financial Deputy of the Clerk's Office; and it is further

     **ORDERED** that all pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. **Any paper sent by a party to the Court or the Clerk must be accompanied by a certificate showing that a true and correct copy of same was served on all opposing parties or their counsel. Any document received by the Clerk or the Court which does not include a proper certificate of service will be stricken from the docket.** Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions. **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; his failure to do so will result in the dismissal of this action**; and it is further

     **ORDERED** that the Clerk of the Court serve a copy of this Decision and Order on plaintiff by regular mail.

**IT IS SO ORDERED.**

Dated: June 7, 2013
      Syracuse, NY

Gary L. Sharpe
Chief Judge
U.S. District Court

15