UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

CLYDE J. JENNINGS,

                            Plaintiff,

                                                            9:13-CV-0443
               v.                                           (GLS/ATB)

BRIAN FISCHER; et al.,

                            Defendants.

_____

APPEARANCES:

CLYDE J. JENNINGS
09-A-6400
Plaintiff, pro se
Cape Vincent Correctional Facility
P.O. Box 739
Cape Vincent, NY 13618

GARY L. SHARPE
Chief United States District Judge

**DECISION and ORDER**

**I.    INTRODUCTION**

        Pro se plaintiff Clyde J. Jennings commenced this civil rights action pursuant to 42

U.S.C. § 1983 in April, 2013.  *See* Dkt. No. 1 ("Compl.").  In his complaint, plaintiff alleged

that he experienced a serious adverse complication following dental surgery in June 2011,

and asserted claims against Dr. O'Keefe and others for the violation of his rights under the

First, Eighth, and Fourteenth Amendments to the U.S. Constitution.

        Upon review in accordance with 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(b), the

Court determined that the complaint failed to state one or more claims against the

defendants upon which relief could be granted pursuant to 42 U.S.C. § 1983 and was,

therefore, subject to dismissal.  *See* Dkt. No. 4 (the "June Order") at 6-13.  In light of his pro

se status, plaintiff was afforded the opportunity to file an amended complaint.  *Id*. at 13-15.[1]

Plaintiff was advised that any amended complaint must be a complete pleading.  *Id*. at 13.

In response to the June Order, plaintiff submitted a four page "Answer to the Decision

and Order," which was docketed in this action as plaintiff's amended complaint.  Dkt. No. 6.

Upon review, the Court found that this submission was not a complete pleading and

therefore did not cure the pleading deficiencies identified in the June Order.  *See* Dkt. No. 7

("September Order") at 3.[2]  The Court also considered whether plaintiff had demonstrated in

his "Answer to the Decision and Order" that reconsideration of the June Order was

warranted, and concluded that he had not.  *Id*. at 3-4.  In light of his status as a pro se

litigant, plaintiff was afforded a final opportunity to amend his complaint.  *Id*. at 4-5.

Plaintiff's second amended complaint is before this Court for review.  *See* Dkt. No. 8

("Second Am. Compl.").

## II.    DISCUSSION

In the June Order, this Court reviewed the allegations in the original complaint with

due regard for plaintiff's status as a pro se litigant.  While recognizing that plaintiff claimed to

have suffered an unexpected significant complication from the dental surgery performed by

Dr. O'Keefe in June 2011,[3] the Court concluded that the complaint as drafted did not set forth

---

[1]  Plaintiff was also granted leave to proceed in forma pauperis.  June Order at 14.

[2]  As noted in the September Order, plaintiff did not provide a listing of the defendants nor did he set forth a short and plain statement of the facts giving rise to his claims.  September Order at 3.

[3]  According to plaintiff, the surgery left him with a hole in his hard palate through which fluids were able to pass from his sinus cavity into his mouth, a condition which had improved but had not fully resolved at the time this action was commenced.  *See* Compl. at 6.  In January 2012, plaintiff was evaluated at Walsh Regional Medical Center and informed that surgery was needed to close the hole.  *Id*. at 6-7.  Plaintiff was also approved

facts sufficient to plausibly suggest that Dr. O'Keefe acted with deliberate indifference, was reckless in his treatment of plaintiff, or provided him with treatment that was "inadequate" in a constitutional sense.  June Order at 7-9.  The Court also concluded that the complaint as drafted did not state cognizable claims for denial of proper and adequate dental care following that surgery, violation of plaintiff's Fourteenth Amendment right to medical information regarding the oral surgery, or retaliation in violation of the First Amendment.  *Id*. at 9-12.

Upon review of the second amended complaint, the Court finds that it is virtually identical to the original complaint.  *Compare* Compl. *with* Second Am. Compl.  The few differences which exist between the pleadings are merely stylistic; the factual allegations are unchanged.[4]  As a result, and for the reasons set forth in the June Order, the Court finds that the second amended complaint fails to state a claim for the violation of plaintiff's constitutional or statutory rights upon which this Court may grant relief.  This action is therefore dismissed.  *See* 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A(b).

III.    **CONCLUSION**

**WHEREFORE**, it is hereby

**ORDERED** that the second amended complaint fails to state a claim for the violation of plaintiff's constitutional or statutory rights upon which this Court may grant relief and this action is **DISMISSED** in accordance with 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b); and it is further

---

to receive a "night guard & a partial Plate" for his upper mouth.  *Id*. at 7.

[4]  For example, the identification of defendant Fischer in the caption of the complaint differs in the two pleadings, as does the language used in paragraph four to identify plaintiff.

**ORDERED** that the Clerk shall enter judgment accordingly; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on plaintiff by regular mail.

**IT IS SO ORDERED.**

Dated: February 12, 2014
        Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court

4